**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 07 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARP PLUMBING, INC., a Nevada corporation,<br><br>       Third-party-plaintiff -counter-defendant - Appellant,<br><br>v.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation,<br><br>       Third-party-defendant-counter-claimant - Appellee. | No. 14-15172<br><br>D.C. No. 2:09-cv-00783-GMN-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted February 12, 2016
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN and MURGUIA, Circuit Judges and MURPHY,[**] District Judge.

Plaintiff Sharp Plumbing, Inc. ("Sharp") appeals from the district court's grant of summary judgment in favor of defendant National Fire & Marine Insurance Co. ("National Fire"). The district court held that National Fire's commercial general liability policy unambiguously excluded from coverage claims brought against Sharp in a class action for Sharp's installation of defective plumbing fittings. The district court also entered summary judgment for National Fire on Sharp's claims for insurance bad faith and violation of Nevada's Unfair Claims Practices Act, Nev. Rev. Stat. § 686A.310. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1185 (9th Cir. 2015), we affirm.

**1.** Sharp agrees that National Fire's policy provides coverage only if the claims against Sharp in the class action alleged damage to property other than Sharp's own work product. Sharp argues that there is coverage because the damage alleged in the class action was to the water in the homes through zinc contamination. However, Sharp does not point to any evidence from the class action litigation indicating that damage to water was ever an element of the harm

---

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

alleged in the suit. While the class action complaint and an expert affidavit alleged that "dezincification" occurred when water ran through the plumbing fittings installed by Sharp, there is no indication that the zinc in the water was itself a harm. Rather, the consequences of dezincification were leaks, restricted water flow, and breakage—not adultered water. Professor Stempel's testimony, which was based on little more than his post-hoc reading of the class action complaint, does not change this result. *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.").

**2.** Even if Sharp had stated and preserved a cause of action for violation of Nevada's Unfair Claims Practices Act, Nev. Rev. Stat. § 686A.310., its claim would fail because Sharp does not point to evidence that it completed and submitted proof of loss requirements or that National Fire's liability ever became reasonably clear, which are elements of the statutory violations alleged by Sharp. *See* Nev. Rev. Stat. § 686A.310(1)(d) (listing as an unfair practice "[f]ailing to affirm or deny coverage of claims within a reasonable time *after proof of loss requirements have been completed and submitted by the insured*" (emphasis added)); *id.* § 686A.310(1)(e) (listing as an unfair practice "[f]ailing to effectuate

prompt, fair and equitable settlements of claims *in which liability of the insurer has become reasonably clear*" (emphasis added)).

**3.** Nevada law imposes on insurers a covenant of good faith and fair dealing, a violation of which can result in bad-faith tort liability. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009). Courts have recognized that the covenant "imposes a duty on the insurer to settle a claim against its insured within policy limits whenever there is a substantial likelihood of recovery in excess of those limits." *Johansen v. Cal. State Auto Ass'n Inter-Ins. Bureau*, 538 P.2d 744, 747 (Cal. 1975). Generally, however, "an insurer has a duty to accept a reasonable settlement offer only with respect to a *covered* claim." *DeWitt v. Monterey Ins. Co.*, 138 Cal. Rptr. 3d 705, 707 (App. 2012) (internal quotation marks omitted).

As discussed above, the claims against Sharp in the class action were not covered by the National Fire policy. Even more problematic for Sharp is the fact that National Fire ultimately settled the class action within policy limits. Sharp points to no binding authority recognizing, under Nevada law, a claim for bad faith refusal to settle even in the absence of coverage, much less when the insurer ultimately settles within policy limits. Nor does Sharp argue that the Nevada Supreme Court would adopt such a rule. *See Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007) ("If the state's highest appellate court has not decided the question

4

presented, then we must predict how the state's highest court would decide the question.").  As a result, Sharp's claim for insurance bad faith fails.

**AFFIRMED**